```
          UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NICOLE KINASCZUK,             :    CIVIL NO. 1:07-CV-1904
                              :
          Plaintiff           :    (Judge Caldwell)
                              :
     v.                       :    (Magistrate Judge Smyser)
                              :
MICHAEL J. ASTRUE,            :
Commissioner of               :
Social Security,              :
                              :
          Defendant           :
```

## REPORT AND RECOMMENDATION

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

On December 7, 2005, the plaintiff, Nicole Kinasczuk, applied for disability insurance benefits. She claimed that she became disabled on April 15, 1999, as the result of chronic back pain, affective disorder, anxiety, lumbar spine

1

degenerative facet disease, musculoskeletal problems and depression.

The claim was denied initially and on reconsideration. The plaintiff filed a request for a hearing, and a hearing was held before an administrative law judge (ALJ) on May 8, 2007. (Tr. 344-364).

At this hearing the plaintiff and a vocational witness testified.

The plaintiff testified that she could not get a legal representative for the hearing, despite attempting to get a legal representative.  The ALJ stated a brief definition of disability.  The plaintiff stated that she understood it.

The plaintiff described herself: born October 10, 1971, 66 inches tall, 281 pounds in weight, with two children.  One child is twelve years old.  She does not remember the age of the other child.  She completed the tenth grade.  She can read

2

and write, add and subtract.  Dr. Sweet is her primary care doctor.

She can care for her personal needs.  She does not perform her own household chores all of the time, but receives a friend's help some of the time. She has discontinued earlier hobbies, and now shops and watches television.  She lives with her boyfriend, who owns the house.  She can lift a bag of sugar.  She can lift a gallon of milk.  She can perform straight leg raising.  She has pain in her right shoulder and popping in her collarbone if she reaches overhead.  She gets out of bed at 7:00 a.m.  She goes to bed at 11:00 p.m.  Pain in her body during the night prevents her from sleeping through the night.  She can stand for ten to fifteen minutes, before needing to sit or walk.  She can walk ten feet.  She has taken various pain medications.  Her medications are not effective in controlling her pain symptoms.

She has bronchitis, which flares up in cold weather. She is trying to quit smoking.

A vocational witness described jobs that someone with the vocational characteristics of the plaintiff can do if she can perform simple, routine medium and light work with limitations as to climbing, bending, balancing and stooping, and as to environmental exposures.

On May 22, 2007, the ALJ issued her decision denying the plaintiff benefits. (Tr. 17-29). The Appeals Council denied the plaintiff's request for review (Tr. 5-7), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed her complaint with this court on October 19, 2007. She was granted leave to amend her complaint and filed her amended complaint on January 17, 2008. The defendant filed an answer to the complaint and a copy of the administrative record on February 8, 2008. Pursuant to Local Rules 83.40.4 and 83.40.5 the plaintiff filed her brief on March 24, 2008 and the defendant filed his brief on April 21, 2008. No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Conflicts in the evidence must be resolved and the Commissioner must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Id*. at 706-707. In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole. *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and, (5) whether the claimant's

impairment prevents the claimant from doing any other work. *See* 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he is unable to engage in his past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that she has an impairment that is severe (lumbar spine degenerative facet disease), that her impairments alone or in combination do not meet or equal any listed impairments, and that she is not able to perform her past relevant work. The ALJ further determined that the plaintiff has the residual

functional capacity[1] to perform modified simple, routine medium work.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

The plaintiff, by her attorney, argues that she was not able to develop a full and fair record at her ALJ hearing because she was not represented then by counsel.  The plaintiff asserts that the ALJ failed to develop the facts concerning the plaintiff's back condition and related treatment(s).  The plaintiff's brief does not state in any greater specificity what would have been presented through counsel's direct examination, cross-examination and other advocacy.  In essence, the plaintiff's position is that a party proceeding administratively without counsel should be entitled as a matter of course to a second hearing with counsel.  We do not agree. Without a presentation of material evidence that was not

---

1.  "Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

presented, we do not consider the absence of counsel at the administrative hearing to warrant a remand.

The plaintiff's other argument is that the ALJ erred in failing to give significance to the treating source opinion of Dr. Stanomir and Dr. Sweet. Dr. Stanomir's opinion was that the plaintiff is disabled. Dr. Sweet's opinion was that the plaintiff is disabled.

The ALJ considered the objective medical signs and findings noted in Dr. Stanomir's reports. (Tr. 24). Although without specific reference to 42 U.S.C. § 423(d)(5)(A)[2], the

---

2.  42 U.S.C. § 423(d)(5)(A) provides:  An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require. An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability. Any non-Federal hospital, clinic, laboratory, or other provider of medical services, or physician not in the employ of the Federal Government, which supplies medical evidence required and requested by the Commissioner of Social Security under
(continued...)

ALJ considered whether the plaintiff's subjective conditions are such that they might reasonably be the result of the objective medical condition(s), and concluded not.

In this case, we can not reasonably say based upon the record that a finding that the plaintiff's symptoms do not have the sort of a relationship to objective medical signs and findings that is intended and required by the statute is not supported by substantial evidence.  Apart from degenerative facet disease at L5-S1 level bilaterally, with no evidence of spinal or foraminal stenosis, there are no objectively identifiable impairments.

It is recommended that the appeal of the plaintiff be denied and that the Clerk of Court be instructed to close the case.

                                                         ***/s/ J. Andrew Smyser***
                                                         J. Andrew Smyser
Dated:  May 14, 2008.                Magistrate Judge

---

2.  (...continued)
this paragraph shall be entitled to payment from the Commissioner of Social Security for the reasonable cost of providing such evidence.